## Wytheville.

NEWPORT NEWS & OLD POINT RAILWAY & ELECTRIC CO. v.
HAMPTON ROADS RAILWAY & ELECTRIC CO.

#### JUNE 16, 1904.

1. STATE CORPORATION COMMISSION—*Jurisdiction—Street Railways— Crossings.*—An objection that the State Corporation Commission was without jurisdiction to determine a question relating to a grade crossing of two street railways because a part, at least, of the controversy was in litigation between the railway companies in one of the Circuit Courts of the State will not avail where it appears that the litigated question has been finally determined by a decree of this court not in conflict with the order made by the State Corporation Commission.

2. STATE CORPORATION COMMISSION—*Presumption as to Findings—Railway Crossings—Case at Bar.*—The State Corporation Commission was created for the protection of the public by regulating public utilities, and, by the express provision of the Constitution, its findings are to be regarded as *prima facie* just, reasonable, and correct. In the case at bar the order of the Commission, permitting one street railway company to cross the tracks of another company at grade, and prescribing in detail the methods by which the companies are to operate their roads at such crossings, is fully sustained and warranted by the evidence.

Appeal from State Corporation Commission.

*Affirmed.*

The opinion states the case.

*S. Gordon Cumming,* for the appellant.

*W. J. Nelms* and *Thomas W. Shelton,* for the appellee.

CARDWELL, J., delivered the opinion of the court.

The Hampton Roads Railway and Electric Company, by an ordinance of the Council of the town of Phœbus, was given permission to lay upon certain streets of the town its tracks, and to operate on and over them electric cars, plying between the city of Newport News and Old Point Comfort, and other points east of the town of Phœbus. The Newport News and Old Point Railway and Electric Company had previously been granted the privilege of using certain streets in said town, had laid its tracks, and was using them. Thereupon, in accordance with the provisions of section 1094 of the Code of Virginia, the president of the Hampton Roads Ry. & Elec. Co. served notice on the president of the N. N. & O. P. Ry. & Elec. Co., advising the last-named company of the necessity and propriety of its crossing the tracks of the N. N. & O. P. Ry. & Elec. Co. at four points within the corporate limits of the town of Phœbus, and furnished plans, specifications, appliances and methods of operating such crossings, indicating the points of crossing, and otherwise complying with the requirements of the statute. The N. N. & O. P. Ry. & Elec. Co. declined to agree to the crossings, upon any terms, and elected to apply to the Corporation Commission to inquire into the necessity and propriety of these proposed crossings, as provided by said section 1094 of the Code. When the matter came on to be heard before the Corporation Commission, upon the petition of the N. N. & O. P. Ry. & Elec. Co., the notice of the H. R. Ry. & Elec. Co. the plats, maps, specifications, description of appliances, and methods of operating said crossings, and the arguments of counsel, and the testimony of witnesses, the Corporation Commission ordered that E. J. Willis, an expert engineer, should report upon the matters set out in the record. This expert made a careful personal inspection of

the points and surroundings of the proposed crossings, and made his report to the Corporation Commission; whereupon the Corporation Commission, in the light of all the facts brought before it by both companies, and the report of the expert engineer pronounced favorably upon the necessity and propriety of the H. R. Ry. & Elec. Co. crossing with its tracks the tracks of the N. N. & O. P. Ry. & Elec. Co. at four points in the town of Phœbus, viz.: First, at the intersection of Segar and Mellen streets; second, at the intersection of Willard avenue and Mellen street; third, at the intersection of Mellen and Water streets; and fourth, at the intersection of Mallory avenue and Mellen street; and in the manner indicated upon the plans and drawings filed with the notice and papers in the proceedings. The finding or order of the Corporation Commission then proceeds to prescribe the rail to be used at all of said crossings, and that the said crossings, both as to the track and overhead wire crossings, be made with the usual approved appliances used in the construction of crossings of electric railroads with solid block crossings and switches; and it further provided that at all of said crossings the trains or cars of the N. N. & O. P. Ry. & Elec. Co. shall have the right of way, and furthermore provides, with the utmost detail, the manner in which the cars of the respective companies are to be operated over said crossings.

From so much of this finding or order. as permits the crossing of its track at the three last named points, the N. N. & O. P. Ry. & Elec. Co. has appealed to this court.

There are but two grounds suggested by appellant why this finding or order of the Corporation Commission should be reversed, viz.: First, that the Corporation Commission was without jurisdiction in the premises; and, second, that the record does not establish the necessity and propriety of the crossings in question.

As to the first ground, it rests solely upon the fact that there was pending at the time in the Circuit Court of Elizabeth City

county a litigation between the same parties over the right of appellee to the use of Mellen street in any way—by a single or double track, or otherwise—in which litigation it was being contended that the ordinance of the town of Phœbus, conferring upon the appellee the right to the use of Mellen street, was *ulta vires* and void; and, further, if said ordinance was valid, appellee had lost the right thereby conferred by a failure to commence and complete its lines within the town of Phœbus in accordance with the provisions of the ordinance, as to the time when the work of laying its tracks in the street was to begin and be completed.

A complete answer to this contention is that the litigation between these parties referred to has terminated by a decision of this court just rendered, affirming the decree of the Circuit Court of Elizabeth City county, the effect of which is that the ordinance of the town of Phoebus is a valid ordinance, and that appellee, by virtue thereof, has the right to lay its tracks in Mellen street and other streets of the town of Phœbus.

As to the necessity and propriety of the crossings in question, authorized by the Corporation Commission, it need only be said that, in addition to the provision contained in the Constitution, Art. XII, part F, sec. 156, that such rulings of the Commission are to be regarded as *"prima facie* just, reasonable and correct"; and the provisions of the statute referred to, there is nothing whatever in the record that overcomes, in the slightest degree, the presumption arising upon the finding of the Corporation Commission that the crossings authorized are necessary and proper to be made; nor is there anything in the record to sustain the contention that they are unnecessary and would be unsafe.   On the contrary, the expert engineer, in his report, says as to the crossings, when constructed in accordance with the methods and specifications furnished him by the chairman of the Corporation Commission: "I consider them all necessary, and all reasonably safe, considering the conditions to be met.   I .

would make no suggestions as to changes, additions or safe-guards.   I believe that while these complicated crossings would retard the schedules of both roads, and will necessitate slow and careful running down Mellen street by both companies, they are not, with proper care and diligence on the part of both companies, associated with particular danger to passengers, or to the public."   The right of appellee to cross the tracks of appellant is not in question.   It is the manner of crossing, not for the benefit of the railroads, but for the benefit of the public. The object of creating the State Corporation Commission was to protect the public rights by regulating public utilities.   That the Commission in this matter has been untiring, most careful and painstaking in its efforts to ascertain all local conditions before making its finding or ruling, is clearly shown by the evidence before it and the report of the expert.

It follows that the finding or order of the Corporation Commission is approved and affirmed.

*Affirmed.*